IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) JAY BOLGREN,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) CIV-16-218-R |
| vs. | )<br>) |
| | ) **VERIFIED COMPLAINT** |
| **(1) JON BARRY & ASSOCIATES, INC. DBA PARAGON REVENUE GROUP,** | ) **(Unlawful Debt Collection Practices)**<br>) |
| | ) **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES Plaintiff, Jay Bolgren, and for the Verified Complaint against Defendant, Jon Barry & Associates, Inc. dba Paragon Revenue Group, alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Jon Barry & Associates, Inc. dba Paragon Revenue Group ("Paragon") for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

   (a) **Abusive practices**

   There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   (b) **Inadequacy of laws**

   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   (c) **Available non-abusive collection methods**

VERIFIED COMPLAINT                                       1

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Oklahoma City, County of Oklahoma, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and

sought to collect a consumer debt from Plaintiff. Upon information and belief, Defendant collects consumer debt, such as the medical debt sought to be collected from Plaintiff, and reports on consumers' credit reports in furtherance of its debt collection activities.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Concord, North Carolina.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or about June 4, 2015, Defendant wrote to plaintiff seeking to collect a debt a $120 debt, allegedly owed to Midwest Regional Medical with the account number ending in x958.

12. On August 6, 2015, Defendant wrote to Plaintiff seeking to collect a $160 debt, allegedly owed to Midwest Regional Medical with the account number ending in x783.

13. On August 14, 2015, Plaintiff wrote to Defendant advising that he disputed the alleged accounts and balances sought by Defendant.

14. On September 5, 2015, Defendant reported an $80 debt to Plaintiff's Trans Union credit report. Despite having received Plaintiff's August 14, 2015 correspondence disputing the debt on August 18, 2015, Defendant did not mark the debt as "disputed" on Plaintiff's Trans Union credit report.

15. On September 22, 2015, Plaintiff called Defendant to obtain more information regarding his accounts with its office. In this call, Defendant stated that Plaintiff actually had "six accounts" in its office. During this call, Defendant confirmed that account number x958 was actually for $80, not $120 as stated in Defendant's June 4, 2015 letter.

16. 15 U.S.C. § 1692e of the FDCPA also provides as follows:

   **False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (10) The us on any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

17. By only communicating two different account numbers in its correspondences to plaintiff that a) differ in amount reported to Plaintiff's credit bureaus and, b) differ in amount from the amounts sought to be collected during the September 22, 2015, phone call with Plaintiff, Defendant Paragon made a materially false, deceptive and misleading statement in violation of §§ 1692e and 1692e(10) of the FDCPA.

18. Plaintiff was confused, and an unsophisticated consumer would be confused, by Paragon's statement that the account balance for accounts x958 and x783 were in a different amount than sought to be collected during the September 22, 2015 phone call.

19. Plaintiff, and an unsophisticated consumer, could be led to believe that the account balances for the x958 and x783 were higher than they actually were, and that it was only necessary to dispute the two account numbers provided to him.

20. Additionally, on or before September 5, 2015, Paragon knew or should have known that Plaintiff had disputed the alleged debt that it reported to Trans Union (and other credit reporting agencies) because Plaintiff had previously notified Paragon of that dispute by letter on August 14, 2015.

21. 15 U.S.C. §1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . .**

22. Even though Paragon knew or should have known, prior to September 5, 2015, that Plaintiff disputed owing the alleged debt, Paragon failed to thereafter communicate the fact of Plaintiff's dispute to the Trans Union and other credit reporting agencies when it communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

24. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir.2000).

25. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of aggravating Plaintiff's Bipolar disorder, anxiety and depression, causing Plaintiff panic attacks and loss of sleep, and causing Plaintiff feelings of being overwhelmed and worry.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a)      Defendant violated §1692e and §1692e(10) of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiff's alleged debt by only including two account numbers in dunning letters sent to Plaintiff, but advising Plaintiff been telephonic conversations that actually had six different accounts in Defendant's offices with account balances that differed greatly from the balances conveyed in writing by Defendant; and

b)      Defendant violated § 1692e(8) of the FDCPA as it knew or should have known, prior to September 5, 2015, that Plaintiff disputed owing the alleged debt, but Paragon failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion and other credit reporting agencies when it communicated other information regarding the alleged debt.

**WHEREFORE**, Plaintiff, Jay Bolgren, respectfully prays that judgment be entered against Defendant, Jon Barry & Associates, Inc. dba Paragon Revenue Group, for the following:

a)      Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)      Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d)      Any other relief that this court deems to be just and proper.

           Respectfully submitted,

           /s/ Victor R. Wandres
           Victor R. Wandres, OBA #19591
           PARAMOUNT LAW
           CONSUMER PROTECTION FIRM
           4835 S. Peoria Ave., Suite 1
           Tulsa, OK 74105
           (918) 200-9272 voice
           (918) 895-9774 fax
           2386@paramount-law.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA )
) ss.
COUNTY OF OKLAHOMA )

Plaintiff, Jay Bolgren, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Jay Bolgren, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

2-23-16
Date

Jay Bolgren
Plaintiff